IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,657-02






EX PARTE LEE TATE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 00-10-10447 IN THE 155TH JUDICIAL DISTRICT COURT
OF WALLER COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at seventy-five years'
confinement. Applicant's conviction was affirmed on appeal. Tate v. State No. 10-01-239-CR (Tex. App. --Waco, delivered August 4, 2003, no pet.)

 Applicant contends inter alia that he was denied the effective assistance of counsel,
because counsel failed to investigate, failed to challenge the evidence of the complainant's
injuries, failed to call available witnesses, and failed to present any evidence or testimony in
Applicant's defense.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel was aware that Applicant's father, mother, and sister were available
and willing to testify that Applicant was in Houston on the date of the offense, and could not
have committed the robbery. If so, the court shall make findings as to why counsel failed to 
ensure that the witnesses were present on the date of Applicant's bench trial. The court shall
make findings as to whether, and if so, why counsel advised Applicant to waive a jury trial,
and as to what counsel's defensive strategy at trial was. The trial court shall make findings
as to what evidence or testimony, if any, was presented on Applicant's behalf at both the
guilt/ innocence and the punishment phases of trial. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3rd DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.